COBB, Judge
(concurring specially).
Defense counsel should be applauded for challenging the appropriateness of the punishment to the crime in this case. Unfortunately, though there are a multitude of ways to build a record to support such a challenge, that was not done in this case. Thus, I write specially to point out that, in light of the Court’s unpublished memorandum on direct appeal concluding that the record before us is insufficient from which to determine whether Phyllis Edna Hall’s sentence and fine amount to cruel and unusual punishment, the best avenue to properly present such a claim would be to file a timely Rule 32, Ala. R.Crim. P., petition, alleging that trial counsel rendered ineffective assistance by failing to build an adequate record upon which this Court could have conducted a narrow proportionality review of her sentence, as a first-time drug-offender sentence, of 25 years and the fine of $500,000. I also point out that, in order to allege sufficient prejudice, the petition should be supported with allegations of fact establishing, pursuant to the guidelines discussed in Wilson v. State, 830 So.2d 765 (Ala.Crim.App.2001), that her sentence and fine were excessively disproportionate to the crime and establishing the circumstances surrounding Hall’s arrest and conviction.
I note that, as with all constitutional claims, a claim that the Eighth Amendment was violated will be precluded under Rule 32. See, e.g., Barbour v. State, 903 So.2d 858 (Ala.Crim.App.2004). Thus I suggest that the claim be couched, pleaded, and proved in terms of ineffective assistance of counsel.